(63 App. Div. 119.)

### MARCANTONIO v. MURRAY.

(Supreme Court, Appellate Division, First Department. July 9, 1901.)

NEGLIGENCE—INJURY TO CHILD—MACHINERY—LIABILITY OF OPERATOR.

    Plaintiff's son, a boy about 6 years of age, was injured while playing around some machinery which defendant was operating on a dock. Defendant did not own the machinery, and had no authority to prevent any one from being on the dock. The machinery was not left unattended or in a condition to invite careless persons to tamper with it. The dock was a private one, and, while boys sometimes played there, there was no evidence that they had played near the machinery for any length of time. There was no showing that the machinery was carelessly operated, or that such an accident could have been foreseen. *Held* to show that defendant was free from negligence.

Appeal from trial term, New York county.

Action by Francesco Marcantonio against Henry Murray. From a judgment in favor of the plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, LAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Lawrence P. Mingey, for appellant.
Lorenzo Ullo, for respondent.

INGRAHAM, J. This action was commenced against the defendant and the Consolidated Gas Company to recover for personal injuries received by the son of the plaintiff, a boy about 5½ years of age, on a dock owned by the Consolidated Gas Company, and which the defendant occupied in unloading boats loaded with coke for the said gas company. It seems that on the 24th of October, 1895,

the son of the plaintiff was playing upon this dock with some other boys. In running, he tripped and fell upon a rope which passed around a wheel, and which was used in hoisting coal from the boats. In some way his hand was carried by the rope under the wheel, which resulted in losing several of his fingers and injuring his hand, and it was to recover for this injury that this action was brought. This wheel was about 15 feet from the edge of the water, and about 5 or 6 feet from the engine house, and the rope that ran around it was about 18 inches from the ground. This hoisting apparatus was entirely upon the dock, and on the day of the accident was operated by the defendant, Murray. The complaint alleged and it was proved that the gas company owned the dock and the property upon which the engine was situated, and also owned the engine, rope, wheel, and plant which caused the injury to the plaintiff's son. It appeared that this dock was not a public dock, although people went there to fish, and boys to play. It was shut off from the public streets, but had an entrance from Pleasant avenue; there being an open space between the land side of the dock and Pleasant avenue, on which teams drove onto the dock. There was no evidence that any employé of the defendant, Murray, was at the time of the accident upon the dock, or that Murray had anything to do with the erection of this machinery; that he maintained it in the condition that it was; that he had charge of the dock or premises upon which the machinery was erected, or was responsible for it in any way, except the mere fact that at the time he was operating the machinery in unloading a boat at the dock. The gas company used this dock for the storage of gas pipes and other material, and at the time of the accident a considerable number of the pipes and some sand were stored there. Upon the trial the complaint was dismissed as against the gas company, and the jury found a verdict against Murray. I do not see that this judgment can be sustained upon any principle. Murray was not responsible for the condition of the dock, or for the fact that boys were allowed to play upon it. He operated a plant unloading boats for the company, the machinery and plant being furnished by the company. So far as appears, he had no authority to keep these boys off the dock. There was no evidence that the boys had been playing near this machinery for any length of time, or of any act connecting Murray with the accident, or which made him responsible for the consequences that resulted from this boy tripping against the rope. There was a boy playing with the son of the plaintiff upon the dock, who was examined as a witness. He testified that he was 13 years old at the time of the trial, which would make him about 9 years old at the time of the accident. He testified that as the boy fell "the man pulled the rope and made the wheel go, when the boy got hurt, and the man said, 'I knew you would get hurt.'" But, whoever this man was, if such a thing happened, there was no evidence that he was connected with the defendant, or that the defendant was responsible for his act. If this evidence was true, the injury was caused by the act of the man on the boat. The defendant Murray was not responsible for either the declarations of this indi-

vidual, or for any act of his which caused the injury. This boy attempted to identify a person in the court room as the man who made this statement, but it afterwards appeared that this man was a foreman in the employ of the gas company, and had nothing to do with Murray. This machinery used for the unloading of coal was extremely simple. So far as appears, it was in perfect order and working properly. It was not left unattended, in a condition to invite the thoughtless or heedless to use it, but was being properly worked for the purpose for which it had been furnished by the gas company. While there is evidence that boys occasionally went upon the dock to play, there is not the slightest evidence to show that such an accident as happened was at all probable, or that any one carefully operating the machinery could anticipate that the accident would happen. The defendant had no authority to eject anybody from this dock, or to prevent its use by any one seeking to use it. There is nothing to justify a finding that the defendant omitted any act in the operation of this machinery that a person of ordinary prudence would have deemed necessary, or that the accident which actually occurred was one that could have been foreseen or prevented by any act of the defendant. There is nothing, therefore, to sustain a finding that the defendant was guilty of negligence.

It follows that the judgment and order should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.